# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**MARGARET JEAN-BART,**

        **Plaintiff,**

-vs-                                         Case No.  2:12-cv-160-FtM-99DNF

**DVA RENAL HEALTHCARE, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause is before the Court on the Plaintiff, Margaret Jean-Bart's Motion to Amend (Doc. 20) filed on September 20, 2012. The Plaintiff, Margaret Jean-Bart is requesting leave to file an Amended Complaint which clarifies Count II and adds an additional claim under the Family and Medical Leave Act.  The Defendant, DVA Renal Healthcare, Inc. filed a response In Opposition to Plaintiffs' Motion to Amend Complaint (Doc. 21) on October 4, 2012.

      In the Complaint (Doc. 1), the Plaintiff brings claims for race and/or age discrimination in employment and for retaliation under the Family and Medical Leave Act. The Plaintiff asserts that after some discovery she has determined that the Complaint should be amended to allege a cause of action for intentional interference with her rights under the Family and Medical Leave Act, and to clarify the allegations in Count II.  In the Case Management and Scheduling Order (Doc. 17), the deadline to amend pleadings was July 9, 2012, and the discovery deadline is June 3, 2013.  To date, the Plaintiff claims that discovery has encompassed the depositions of two corporate representatives

of the Defendant and part of the deposition of the Plaintiff with the continuation of the Plaintiff's deposition to occur later. The Plaintiff cites to FED. R. CIV. P. 15 for the standard that leave should be freely given to amend a pleadings when justice so requires.

The Defendant responds that the Plaintiff cited the incorrect legal standard, and that the correct Rule is FED. R. CIV. P. 16 because the deadline to amend has passed. The Defendant asserts that the Plaintiff failed to show good cause to amend the Complaint, and the proposed Amended Complaint fails under FED. R. CIV. P. 15 as well. The Defendant asserts that the Plaintiff has delayed in requesting leave to amend waiting nearly seven (7) months from the date of filing the lawsuit and three (3) months after the deadline to amend. The Defendant claims that the only reason the Plaintiff is seeking leave to amend is that her deposition testimony does not support her claims. Further, the Defendant argues that the amendment would be futile because it fails to state a claim.

The Scheduling Order in this case controls the course of action unless modified. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). To modify a Scheduling Order, a party must show good cause, and the party must show that despite the party's diligence the deadline could not be met. *Id.*, citing FED. R. CIV. P. 16. If the court finds that the party lacked due diligence, then the inquiry into good cause is ended. *Lord v. Fairway Electric Corp.*, 223 F. Supp.2d 1270, 1277 (M.D. Fla. 2002). The Eleventh Circuit found three factors to consider in assessing diligence: "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment." *Id.*, citing *Sosa v. Airprint Systems, Inc.*, 133 F.3d at 1418. In this case, the Plaintiff has failed to show

why she delayed in requesting leave to file an amended complaint. The information known to her at the outset of the case should have allowed her to file the additional relief requested.

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." The decision whether to permit an amendment is within the sound discretion of the court, however, the Supreme Court has held that the words "leave shall be freely given" must be heeded. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Consequently, the Court must find a justifiable reason in denying a request for leave to amend. *Id*. "[T]he Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile." *Taylor v. Florida State Fair Authority*, 875 F. Supp. 812 (M.D. Fla., 1995), citing *Foman*, 371 U.S. at 182, *See also*, *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1217 (11th Cir. 2004).

The Court reviewed the proposed Amended Complaint. Count II incorporates paragraphs 1 through 9 and 13 through 15. (See, ¶16 of Doc. 20-1). Paragraphs 13 though 15 are part of the claim in Count I. Count II incorporates paragraphs 1 through 3, 5 through 8, 15, and 17 through 22. (See, ¶23, of Doc. 20-1). Some of these paragraphs are the legal claims in Count I and II. Count III contains no allegations other than the incorporations. This type of Complaint is considered a shotgun pleading.

"The Eleventh Circuit has had much to say about shotgun pleadings, none of which is favorable." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008) ([S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."); *Strategic Income Fund,*

*LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun complaints, "contain[] several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [] contain irrelevant factual allegations and legal conclusions. *Id.*  The Plaintiff's proposed Amended Complaint is a shotgun pleading, and is not sufficiently plead.  Therefore, it would be futile for the Court to permit the Plaintiff to file this proposed Amended Complaint. The Plaintiff has failed to show good cause in delaying the request for leave to amend her complaint.  Further, the proposed amended complaint would be futile as it constitutes a shotgun pleading.

**IT IS RESPECTFULLY RECOMMENDED:**

The Motion to Amend (Doc. 20) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __15th__ day of October, 2012.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record