UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARGARET JEAN-BART,

    Plaintiff,

v.                                  CASE NO. 2:12-CV-160-UA-DNF

DVA RENAL HEALTHCARE, INC.,

    Defendant.
_____/

ORDER

This cause is before the Court on:

Dkt. 22   Report and Recommendation
Dkt. 23   Objections to Report and Recommendation (Plaintiff)
Dkt. 24   Opposition to Objections (Defendant)

In the Report and Recommendation, the assigned Magistrate Judge recommends that Plaintiff's Motion to Amend be denied, as Plaintiff did not establish good cause for Plaintiff's delay in seeking leave to file an amended complaint, and the information known to Plaintiff at the outset of the case should have allowed Plaintiff to seek the additional relief that Plaintiff now requests. The assigned Magistrate Judge further found that the proposed Amended Complaint was a "shotgun" pleading, and it would be futile to permit amendment.

Plaintiff has filed Objections to the Report and Recommendation. Plaintiff asserts that Plaintiff has good cause to file an Amended Complaint because the proposed Amended Complaint is based on testimony of Defendant's representative under a Rule 30(b)(6) deposition, taken on September 18, 2012. After the deposition,

Case No. 2:12-CV-160-FTM-UA-DNF

Plaintiff proposed amending the Complaint to add information to Counts I and II, clarifying the allegations based upon testimony and documents. Plaintiff asserts that Plaintiff will drop Count III, and requests that the Court grant Plaintiff leave to amend the Complaint to clarify Counts I and II only.

Defendant opposes Plaintiff's Objections to the Report and Recommendation. Defendant contends that Plaintiff has not objected to a specific finding in the Report and Recommendation, and Plaintiff has not stated a specific basis for any of her objections. Defendant argues that, because Plaintiff filed only general and conclusory objections, the Court should review the Report and Recommendation for clear error, and not de novo. Defendant argues it would be inappropriate for the Court to consider Plaintiff's attempt to establish good cause which was not included in the motion reviewed by the assigned Magistrate Judge, and the information which Plaintiff asserts came to Plaintiff through a deposition was available to Plaintiff at the outset of the case. To the extent that Plaintiff seeks additional relief in Plaintiff's Objections, Defendant argues that the Court should deny the request, as the proper procedural vehicle is another motion to amend.

I. Standard of Review

Federal Rule of Civil Procedure 72 provides the appropriate procedure for district court review of a magistrate judge's report and recommendation. If a party wishes to challenge the recommendation, the party must "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). As the Eleventh Circuit Court of Appeals has explained, the party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 Fed. Appx. 781, 783 (11th Cir. 2006). It is critical that the objection be sufficiently specific and not a general objection to the report." Id. at 784 (citing Goney v. Clark, 749

Case No. 2:12-CV-160-FTM-UA-DNF

F.2d 5, 7 (3d Cir.1984)). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Regarding the scope of review, litigants generally must present their evidence and arguments to the magistrate judge in the first instance to preserve review; however, the district court may, in its discretion, consider arguments and evidence presented for the first time in an objection to a report and recommendation. Williams v. McNeil, 557 F.3d 1287, 1291–92 (11th Cir. 2009). After concluding its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord Local Rule 6.02.

II. Discussion

Because Plaintiff does not object to a specific finding in the Report and Recommendation, but only to the Report as a whole, the Court reviews Plaintiff's Objections for clear error on the face of the record. Clear error review asks if, "after viewing all the evidence, [the Court is] left with a definite and firm conviction that a mistake has been committed. See HGI Assocs., Inc. v. Wetmore Printing Co., 427 F.3d 867, 873 (11th Cir. 2005).

At the outset, the Court notes that Plaintiff did not move to amend the Complaint until after the deadline to amend pleadings in the Case Management and Scheduling Order, July 9, 2012. Therefore, the assigned Magistrate Judge properly evaluated Plaintiff's Motion to Amend under the "good cause" standard. Since the proposed Count III is based on the same facts as Counts I and II, Plaintiff already had the necessary information at hand upon the filing of the Complaint. The assigned Magistrate Judge did not err in concluding that Plaintiff did not establish good cause for the delay in seeking leave to amend.

Case No. 2:12-CV-160-FTM-UA-DNF

The Court notes that, in Plaintiff's Objections, Plaintiff agrees to drop the proposed Count III, and now seeks leave to amend the complaint to add clarifying factual allegations to Counts I and II. Plaintiff did not include any reference to information obtained in discovery in Plaintiff's Motion to Amend, and did not make any argument to establish good cause until after the Report and Recommendation was issued. The Court exercises its discretion to decline to consider Plaintiff's amended request for leave to amend, which should be presented by motion, rather than in an objection to the Report and Recommendation. The Court overrules Plaintiff's Objections, will adopt the Report and Recommendation, and will deny the Motion to Amend. Accordingly, it is

**ORDERED** that Plaintiff's Objections to the Report and Recommendation (Dkt. 23) are **overruled**; the Report and Recommendation (Dkt. 22) is **adopted** and incorporated by reference. Plaintiff's Motion to Amend (Dkt. 20) is **denied**. Defendant's request for the award of attorney's fees is **denied** (Dkt. 24). To the extent that Plaintiff wants to pursue an amended motion for leave to amend, Plaintiff shall file any such motion within fourteen days.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 29th day of November, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record